IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BYRON SENTRAL DRUMMOND, )
)
Petitioner, )
) Civil Action No. 20-cv-659-LKG
v. )
) Dated: November 9, 2022
PHIL MORGAN, )
)
Respondent. )

## MEMORANDUM OPINION

Self-represented Petitioner Byron Sentral Drummond filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging his 2015 conviction in the Circuit Court for Caroline County, Maryland for being a drug king pin. ECF No. 1.[1] Respondents filed an Answer arguing that the Petition is time-barred under 28 U.S.C. § 2244(d), Drummond's claim regarding the denial of his motion for change of venue is procedurally defaulted, and each of his claims lacks merit. ECF No. 4. Drummond responded. ECF No. 12.

There is no need for an evidentiary hearing. *See* Rule 8(a), Rules Governing Section 2254 Cases in the United States District Courts and Local Rule 105.6 (D. Md. 2021); *see also Fisher v. Lee*, 215 F. 3d 438, 455 (4th Cir. 2000) (petitioner not entitled to a hearing under 28 U.S.C. § 2254(e)(2)). For the reasons that follow, the Petition is dismissed, and a certificate of appealability shall not issue.

I.   BACKGROUND

On July 18, 2014, a grand jury sitting in Caroline County, Maryland issued a 21 count indictment charging Drummond with being a drug kingpin, conspiracy, and various other drug-related offenses. ECF No. 4-1 at 60-67. The warrant for Drummond's arrest was served on July 25, 2014. *Id.* at 73-74. Due to an apparent clerical error the original warrant was not

---

[1] Citations refer to the pagination assigned by the Court's Case Management and Electronic Case Files system.

returned to the Clerk of the Circuit Court for Caroline County until September of 2014. *Id.* at 73-74, 82. Drummond's initial appearance was then set for September 17, 2014, 54 days after service of the warrant. *Id.* at 82, 52. Defense counsel entered their appearance on October 22, 2014. *Id.* at 52.

The trial court held a motions hearing on January 20, 2015, during which defense counsel argued that Drummond's *Hicks*[2] date was "distorted" because he had not been brought before a judicial officer for 54 days after service of the warrant. ECF No. 4-2 at 11 (Transcript 1/20/2015). Counsel argued that Drummond's trial should be held before January 25, 2015, but because of the delay in his presentment his *Hicks* date was "pushed. . . way out to March." *Id.* The State disagreed, contending that the *Hicks* date should be calculated from the date Drummond was finally presented to the court. *Id.* at 18. Because the issue was first raised at the hearing, the court provided the State with an opportunity to further respond. *Id.* at 16.

Thereafter, Drummond filed a motion to dismiss alleging that his Sixth Amendment right to a speedy trial and Maryland's *Hicks* rule were both violated. ECF No. 4-1 at 35-36, 75-77. After a hearing held on February 2, 2015, the motion was denied. *Id.* at 34; ECF No. 4-3 at 143-44 (Transcript 2/2/2015).

During the motions hearing, Drummond's privately retained attorney also sought to withdraw his appearance offering that Drummond was unable to afford the necessary experts and would need to apply for a public defender. ECF No. 4-3 at 162-63. Additionally, counsel explained that he had accepted new employment and could no longer represent Drummond. *Id.* Counsel requested the court find good cause to schedule the case for trial beyond the *Hicks* date and the court agreed good cause had been demonstrated. *Id.* at 164, 166. On February 11, 2015, the privately retained attorney struck their appearance. ECF No. 4-1 at 32-33.

Also on February 11, Drummond filed a self-represented notice of appeal, attempting to appeal the denial of his motion to dismiss. ECF No. 4-1 at 33. During a February 24, 2015, status conference, Drummond's new attorney agreed that the matter should be set in for trial, but noted that Drummond did not want to appear to "acquiesce[] to the [c]ourt . . .finding good cause to waive the [*Hicks*] 180 days. . . but does demand a speedy trial." ECF No. 4-4 at 4 (Transcript 2/24/15). The court declined to set an artificial trial date and set the matter in for

---

[2] *State v. Hicks*, 285 Md. 310 (1979) (holding that a violation of the Maryland Code or Maryland Rule requiring a criminal defendant to be tried within 180 days of the earlier of his or his counsel's appearance in the circuit court requires dismissal of the charges).

another status conference in order to give counsel time to confer with Drummond regarding his interlocutory appeal. *Id.* at 10, 13.

During the next status conference, held on March 11, 2015, Drummond indicated that he wanted to follow through with his interlocutory appeal and defense counsel agreed that there were "procedural issues" with proceeding to trial while the appeal remained pending. ECF No. 4-5 at 4, 5 (Transcript 3/11/2015). Drummond was warned by the court that the appeal could take a long time and that the delay in commencing trial would be attributed to him. He was specifically advised that he could not come back into court and argue that either *Hicks* or his Sixth Amendment right to a speedy trial were violated because the trial was paused pending the resolution of the appeal. *Id.* at 6.

In response to a note Drummond sent to the court stating his desire to waive his appeal and proceed with scheduling his trial, on April 27, 2015, the parties attended a third status conference. ECF No. 4-6 at 2 (Transcript 4/27/2015). Counsel confirmed Drummond's desire to withdraw his appeal and proceed with the case. *Id.* at 5-7.

Thereafter, on May 14, 2015, Drummond entered a binding agreement wherein: he would plead not guilty to Count One of the indictment (the drug kingpin offense) and the State would nolle pros the remaining 20 counts of the indictment; he would be tried on a not guilty agreed statement of facts; and, if found guilty, would be sentenced to a "20 year flat" term of incarceration with "no parole". ECF No. 4-8 at 4-7 (Transcript 5/14/2015). The agreement preserved Drummond's right to appeal the court's denial of his pretrial motions. *Id.* On that same day, Drummond was found guilty and sentenced to the agreed upon 20 year term of incarceration without parole. ECF No. 4-1 at 14.

Shortly after sentencing, on May 28, 2015, Drummond filed, through counsel, a "Motion for Modification and Reduction of Sentence" citing Md. Rule 4-345(e). ECF No. 4-1 at 78. The Motion stated that Drummond suffers from a severe opiate addiction and that the State's Attorney indicated they would oppose any request by Drummond for evaluation and treatment under Md. Code Ann. Health Gen. § 8-505 and § 8-507 until June 23, 2024. *Id.* Counsel therefor requested that the motion be held in abeyance. *Id.* The motion was held in abeyance as requested (ECF No. 4-1 at 80) and has not been ruled on.

Drummond noted a timely appeal to the Court of Special Appeals of Maryland arguing that the trial court erred in denying his motion to dismiss based on a violation of *Hicks* and his right to a speedy trial under the Sixth Amendment (*id.* at 82-91) and the trial court erred in

denying his motion for change of venue. *Id.* at 82, 91-94. The court rejected Drummond's claims (ECF No. 4-1 at 82-94): the court's mandate affirming Drummond's convictions issued on January 9, 2017. *Id.* at 95. Drummond filed a petition for writ of certiorari on that same day solely raising claims regarding the alleged violation of his rights under *Hicks* and to a speedy trial. *Id.* at 96-98. The court denied the petition on March 27, 2017. *Id.* at 99.

On May 14, 2018, Drummond filed a petition for postconviction relief in state circuit court. ECF No. 4-1 at 100. He voluntarily withdrew the petition on December 6, 2018 (*id.* at 9) and refiled the petition on January 28, 2019. *Id.* at 9, 106. On March 12, 2019, a counselled supplemental petition was filed. *Id.* at 110. A hearing on the matter was held on May 13, 2019, and Drummond clarified that he was proceeding on the following claims: 1) trial counsel incorrectly advised him that a three judge panel could increase his sentence; 2) trial counsel failed to argue that the trial court violated *Hicks* by postponing his trial beyond March 16, 2015; 3) appellate counsel failed to raise additional issues on appeal including failing to raise the alleged *Hicks* violation and failing to challenge the trial court's denial of the motion to suppress for lack of jurisdiction; and 4) appellate counsel failed to notify Drummond in a timely manner that his case would be handled by a different attorney. ECF No. 4-1 at 118. The postconviction court denied the petition by order entered on July 1, 2019. *Id.* at 117-123.

On July 29, 2019, Drummond filed an application for leave to appeal with the Court of Special Appeals. *Id.* at 124-27. On December 10, 2019, the appellate court summarily denied the application, with the mandate issuing on January 24, 2020. *Id.* at 129-30.

On February 2, 2020, Drummond filed his Petition in this Court. ECF. No. 1. *Houston v. Lack*, 487 U.S. 266, 276 (1988) (holding that a prisoner's submission is deemed to have been filed on the date it was deposited in the prison mailing system). Drummond asserts three grounds for habeas relief. ECF No. 1 at 5. First, he claims that his rights under *Hicks* and to a speedy trial were violated. *Id.* Second, Drummond contends that the trial court's denial of his request to change venue was improper. *Id.* Third, Drummond claims that he was misadvised by counsel as to the likely sentence he would receive if convicted. *Id.*

## II.   DISCUSSION

The threshold issue in this case is the timeliness of the petition. Only if the Petition is timely may the Court reach the merits of Drummond's claims.

A one-year statute of limitations applies to habeas petitions in non-capital cases for persons convicted in state court. *See* 28 U.S.C. § 2244(d)(1); *Wall v. Kholi*, 562 U.S. 545,

550 (2011). Section 2244(d)(1) provides that:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.§ 2244(d)(1).

Pursuant to § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). The limitation period may also be subject to equitable tolling in appropriate cases. *Holland v. Florida*, 560 U.S. 631, 645 (2010); *Harris v. Hutchinson*, 209 F.3d 325, 329-30 (4th Cir. 2000).

Here, Drummond's conviction became final for direct review purposes on June 26, 2017, or 90 days after the Maryland Court of Appeals denied the petition for writ of certiorari. *See* U.S. Sup. Ct. R. 13 ("A petition for a writ of certiorari seeking review a judgment of a lower state court that is subject to discretionary review by the state court of last resort is timely when it is filed with the Clerk within 90 days after entry of the order denying discretionary review."). The 90 days for seeking certiorari review in the United States Supreme Court ended on Sunday, June 25, 2017, as such Drummond had until June 26, 2017 to file a petition for writ of certiorari. *See* U.S. Sup. Ct. R. 30 (filing dates that fall on Saturday, Sunday or a federal holiday until the next day that is not a Saturday, Sunday or holiday).

Drummond had no proceedings pending from June 26, 2017 until May 14, 2018 when

5

he instituted state post-conviction proceedings (a period of 321 days). The statute of limitations remained statutorily tolled until December 6, 2018, when the petition was dismissed. Another 52 days elapsed between December 6, 2018 and January 28, 2019 when Drummond filed a second post-conviction petition. The limitations period remained statutorily tolled while Drummond exhausted his post-conviction remedies. On January 24, 2020, when the Court of Special Appeals issued its mandate denying Drummond's application for leave to appeal the denial of post-conviction relief, the limitations began to run again. No proceedings were pending to toll the limitations from January 24, 2020 until February 2, 2020 when Drummond filed the instant case (a period of 8 days). In sum it appears that 381 days elapsed between the finality of Drummond's state conviction and the institution of this case, where no state proceedings were pending that would serve to toll the limitations period.

Drummond, did however, file a "Motion for Modification or Reduction of Sentence" on May 28, 2015, which remains pending, and which if construed as a properly filed application for post-conviction relief would toll the federal limitations period. Respondents contend that this motion does not statutorily toll the limitations period. I disagree.

As previously noted, on May 28, 2015, Drummond filed a "Motion for Modification and Reduction of Sentence" citing Md. Rule 4-345(e). ECF No. 4-1 at 78. The Motion stated that Drummond suffers from a severe opiate addiction and that the State's Attorney indicated they would oppose any request by Drummond for evaluation and treatment under Md. Code Ann. Health Gen. §§8-505 and 8-507 for approximately ten years. *Id.* Counsel's request to hold the matter in abeyance was granted. ECF No. 4-1 at 80.

The United States Court of Appeals for the Fourth Circuit Court in *Mitchell v. Green* squarely held that sentence modification motions brought pursuant to Md. Rule 4-345 amounts to a collateral proceeding which statutorily tolls the applicable limitations period. *See Mitchell v. Green*, 922 F. 3d 187, 198 (4th Cir. 2019).

Here, Respondents contend that Drummond's "Motion for Reconsideration" did not serve to toll the limitations period because it was not really a motion filed pursuant to Md. Rule 4-345 but rather a motion filed under Md. Code Ann. Health Gen. §§8-505, -507. Pursuant to Md. Code Ann., Health Gen. §§8-505 and 8-507 a Maryland court is permitted "before or during a criminal trial, before or after sentencing, or before or during a term of probation" to order the Maryland Department of Health ("DOH") to evaluate a defendant "to determine whether, by reason of drug or alcohol abuse, the defendant is in need of and may benefit from

treatment if: 1. It appears to the court that the defendant has an alcohol or drug abuse problem; or 2. The defendant alleges an alcohol or drug dependency." Md. Code Ann., Health-Gen. § 8-505(a)(1)(i). This section of the statute pertains only to an evaluation for treatment and governs whom the criminal trial court may order evaluated by DOH, where persons who are to be evaluated may be confined if necessary, and the manner in which the evaluation is presented to the court that ordered it. *See* Md. Code Ann., Health-Gen §§ 8-505(b)–(e).

Only after a § 8-505 evaluation has been conducted may a criminal court order the defendant to be delivered to DOH for treatment, and the court may not do so until "(i) Any detainer based on an untried indictment, information, warrant, or complaint for the defendant has been removed; and (ii) Any sentence of incarceration for the defendant is no longer in effect." Md. Code Ann., Health-Gen. § 8-507(e)(1). A court granting a § 8-507 motion is required to suspend the defendant's sentence before he or she may be delivered to DOH. *See Howsare v. State*, 970 A.2d 951, 962 (Md. Ct. Spec. App. 2009) ("[Appellant] contends that . . . the only way the court can order treatment is if the court suspends the executed portion of the sentence. We agree with appellant as to this point[.]").

Here, while Drummond's motion did specifically seek evaluation and treatment under Md. Code Ann. Health Gen. §§8-505 - 507, it was also titled as being filed pursuant to Md. Rule 4-345(e), generally requested modification and reduction of the sentence, and indicated that the motion should be granted "for such other reasons as may be assigned…" ECF No. 4-1 at 78. While the Court agrees that if the Motion had been filed solely under Md. Code Ann. Health Gen. §§8-505—507 it would likely not toll the limitations period, that is not the motion that was filed in Drummond's case.

*Mitchell* unambiguously held that a motion to reconsider the state sentence filed pursuant to Maryland Rule 4-345 "tolls AEDPA's limitations period." *Mitchell*, 922 F.3d at 195. In so holding, the Court did not place any limits on this straightforward determination. It did not parse the intent of the filer as to whether the motion was meant to function as a "placeholder" or filed in earnest on its merits. Rather, the Court grounded its decision in whether the motion was filed at all. *Id.* Respondent's arguments to the contrary, there is simply no indication that Drummond's motion citing , Md. Rule 4-345, seeking a reduction in sentence as well as "other relief" was not a properly filed application for collateral review under the Maryland Rules. As such, the Motion tolled the limitations period and the instant petition is timely.

### III. STANDARD OF REVIEW

An application for writ of habeas corpus may be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a). The federal habeas statute at 28 U.S.C. § 2254 sets forth a "highly deferential standard for evaluating state-court rulings" *Lindh v. Murphy*, 521 U.S. 320, 333 n.7 (1997); *see also Bell v. Cone*, 543 U.S. 447 (2005). The standard is "difficult to meet," and requires courts to give state-court decisions the benefit of the doubt. *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (internal quotation marks and citations omitted); *see also White v Woodall*, 572 U.S.415, 419-20 (2014), quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011) (state prisoner must show state court ruling on claim presented in federal court was "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair minded disagreement.").

A federal court may not grant a writ of habeas corpus unless the state's adjudication on the merits: 1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States"; or 2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state adjudication is contrary to clearly established federal law under § 2254(d)(1) where the state court 1) "arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law," or 2) "confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to [the Supreme Court]." *Williams v. Taylor*, 529 U.S. 362, 405 (2000).

Under the "unreasonable application" analysis required by § 2254(d)(1), a "state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington*, 562 U.S. at 101 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Thus, "an unreasonable application of federal law is different from an incorrect application of federal law." *Id.* at 785 (internal quotation marks omitted).

Further, under § 2254(d)(2), "a state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." *Wood v. Allen*, 558 U.S. 290, 301 (2010). "[E]ven if reasonable minds reviewing the record might disagree about the finding in question," a federal habeas court may not

8

conclude that the state court decision was based on an unreasonable determination of the facts. *Id.* "[A] federal habeas court may not issue the writ simply because [it] concludes in its independent judgment that the relevant state-court decision applied established federal law erroneously or incorrectly." *Renico v. Lett,* 559 U.S 766, 773 (2010).

The habeas statute provides that "a determination of a factual issue made by a State court shall be presumed to be correct," and the petitioner bears "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). "Where the state court conducted an evidentiary hearing and explained its reasoning with some care, it should be particularly difficult to establish clear and convincing evidence of error on the state court's part." *Sharpe v. Bell,* 593 F.3d 372, 378 (4th Cir. 2010). This is especially true where state courts have "resolved issues like witness credibility, which are 'factual determinations' for purposes of Section 2254(e)(1)." *Id.* at 379.

Where a petitioner has failed to present a claim to the highest state court with jurisdiction to hear it, whether it be by failing to raise the claim in post-conviction proceedings or on direct appeal, or by failing to timely note an appeal, the procedural default doctrine applies. *See Coleman v. Thompson,* 501 U.S. 722, 749-50 (1991) (failure to note timely appeal); *Murray v. Carrier,* 477 U.S. 478, 489-91 (1986) (failure to raise claim on direct appeal); *Murch v. Mottram,* 409 U.S. 41, 46 (1972) (failure to raise claim during post-conviction); *Bradley v. Davis,* 551 F. Supp. 479, 481 (D. Md. 1982) (failure to seek leave to appeal denial of post-conviction relief). A procedural default also may occur where a state court declines "to consider the merits [of a claim] on the basis of an adequate and independent state procedural rule." *Yeatts v. Angelone,* 166 F.3d 255, 260 (4th Cir. 1999).

The Fourth Circuit has explained:

> If a state court clearly and expressly bases its dismissal of a habeas petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, the habeas petitioner has procedurally defaulted his federal habeas claim. *See Coleman v. Thompson,* 501 U.S. 722, 731-32 (1991). A procedural default also occurs when a habeas petitioner fails to exhaust available state remedies and "the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." *Id.* at 735 n.1.

*Breard v. Pruett,* 134 F.3d 615, 619 (4th Cir. 1998).

If a procedural default has occurred, a federal court may not address the merits of a

9

state prisoner's habeas claim unless the petitioner can show (1) both cause for the default and prejudice that would result from failing to consider the claim on the merits, or (2) that failure to consider the claim on the merits would result in a miscarriage of justice, *i.e.* the conviction of one who is actually innocent.[3] *See Murray v. Carrier*, 477 U.S. 478, 495-96 (1986); *Breard*, 134 F.3d at 620. "Cause" consists of "some objective factor external to the defense [that] impeded counsel's efforts to raise the claim in state court at the appropriate time." *Id.* (quoting *Murray*, 477 U.S. at 488). Even where a petitioner fails to show cause and prejudice for a procedural default, a court must still consider whether it should reach the merits of a petitioner's claims in order to prevent a fundamental miscarriage of justice. *See Schlup v. Delo*, 513 U.S. 298, 314 (1995).

## ANALYSIS

Drummond raises three claims in the petition filed with this Court. First, he claims that his rights under *Hicks* and to a speedy trial were violated. ECF No. 1 at 5. Next, Drummond contends that the trial court's denial of his request to change venue was improper. *Id.* Lastly, Drummond asserts that he was misadvised as to the likely sentence he was to receive if convicted. *Id.*

A. Procedural Default

Drummond's claim regarding the denial of his motion for removal of the case to another jurisdiction due to pretrial publicity is procedurally defaulted. On direct appeal., the court rejected his claim of trial court error. ECF 4-1 at 91-94. When Drummond filed his petition for writ of certiorari to the Maryland Court of Appeals he neglected to raise this as a claim (*id.* at 96-98) and as such it is unexhausted and procedurally defaulted. He is now without an avenue to bring this claim.

Under Maryland law, a criminal defendant with claims demonstrable on the trial record is entitled to one direct appeal to the Court of Special Appeals and one petition for

---

[3] Habeas petitioners may use an actual innocence claim to excuse the procedural default of a separate constitutional claim upon which they request habeas relief. *See Murray v. Carrier*, 477 U.S. at 496. "[When] a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default." *Id.*; *see also Reid v. True*, 349 F.3d 788, 806 (4th Cir. 2003). Petitioners who wish to use a claim of actual innocence as a gateway to raising an otherwise defaulted constitutional claim must demonstrate by a preponderance of the evidence that a reasonable juror could not have convicted the petitioner in light of the new evidence. *See Buckner v. Polk*, 453 F.3d 195, 199-200 (4th Cir. 2006). Drummond has not raised an actual innocence claim.

discretionary review to the Court of Appeals. *See generally* Md. Code Ann., Cts. & Jud. Proc. §§ 12-301, 12-307 12-208. A criminal defendant in Maryland is also limited to one post-conviction proceeding, which once resolved may only be opened "in the interest of justice." Md. Code Ann., Crim. Proc. §§ 7-103(a) and 7-104. Maryland case law is clear that it is not in the interest of justice to reopen a state post-conviction proceeding where, as here, a petitioner simply omitted a factual basis for a formal legal claim previously litigated. *State v. Syed*, 463 Md. 60, 101-04 (2019). Drummond has offered no basis for finding "cause" to excuse the procedural default. Additionally, this Court does not find that failing to reach the merits of the defaulted claims would result in the miscarriage of justice. Federal habeas relief is denied on the ground asserted.

  B. Speedy Trial

As noted, Maryland law requires the State to bring a defendant to trial within 180 days of the appointment of counsel, or the appearance of counsel, unless a postponement for good cause shown is granted by the trial court. *See* Md. Rule 4-271(a)(1). The assertion that the State's 180-day requirement has been violated does not implicate a Petitioner's Sixth Amendment right to a speedy trial. Even where the violation occurred, it is not a cognizable claim for federal habeas corpus relief. "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 68 (1991).

As to Drummond's claim that his constitutional right to a speedy trial was violated, the Sixth Amendment guarantees that, "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial." U.S. Const. amend. VI. This guarantee is applied to the states by the Due Process Clause of the Fourteenth Amendment. *Klopfer v. North Carolina*, 386 U.S. 213, 222-23 (1967). To prove a Sixth Amendment right to a speedy trial violation, a petitioner "must show first that the Amendment's protections have been triggered by arrest, indictment, or other official accusation." *United States v. Woolfolk*, 399 F.3d 590, 597 (4th Cir. 2005) (citations omitted). Despite the breadth of the amendment's language, some delay of trial is constitutionally permissible. *See Doggett v. United States.* 505 U.S. 647, 651 (1992). Where Sixth Amendment protections are triggered, a court must consider whether dismissal is warranted based on the totality of the circumstances, paying particular attention to the four factors identified by the Supreme Court in *Barker v. Wingo*, 407 U.S. 514, 530 (1972). Those

factors are: "Length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." *Id.* at 530; *accord Woolfolk*, 399 F.3d at 597.

The first inquiry is also a threshold requirement, because "[s]imply to trigger a speedy trial analysis, an accused must allege that the interval between accusation and trial has crossed the threshold dividing ordinary from presumptively prejudicial delay." *Doggett*, 505 U.S. at 651–652. After a defendant meets this threshold requirement, they "must ... show on balance," that the four inquiries weigh in their favor. *Woolfolk,* 399 F.3d 597 (quoting *United States v. Thomas*, 55 F.3d 144, 148 (1995)). Ultimately, none of the four factors is "either a necessary or sufficient condition to the finding of a deprivation of the right to a speedy trial. Rather, they are related factors and must be considered together with such other circumstances as may be relevant." *Barker,* 407 U.S. at 533. In undertaking this analysis, this Court is mindful "that the accused's interest in a speedy trial is specifically affirmed in the Constitution." *Id.*

Drummond's claim that he is entitled to federal habeas relief because his Sixth Amendment right to a speedy trial was denied and rejected by the Maryland Court of Special Appeals. The court properly articulated the law regarding review of a defendant's right to a speedy trial, including the balancing test set forth in *Barker*. ECF No. 4-1 at 86-91. The court then examined each of the four *Barker* factors before determining that Drummond had not been prejudiced by the delay in his trial. *Id.*

The court determined that the length of delay, in Drummond's case, six months and nine days, was not excessive and did not weigh in appellant's favor. ECF No. 4-1 at 88.

Next, the Court of Special Appeals considered the reasons for the delay, and found that on balance this factor was neutral as the initial delay, while attributable to the State, was due to clerical error, as opposed to "deliberate foot-dragging", and the remaining delay was consistent with standard pre-trial preparation. *Id.* at 89.

In assessing Drummond's assertion of his right to a speedy trial, the Court determined that Drummond had "promptly asserted his right to a speedy trial during the initial 54-day delay period, by contacting the court when his initial appearance was not scheduled promptly." *Id.* at 90.

*Barker* holds that prejudice should be weighed with respect to the three interests that the right to a speedy trial was designed to preserve: (1) preventing oppressive pretrial incarceration; (2) minimizing the anxiety and concern of the accused; and (3) limiting the possibility that the defense will be impaired. *Barker*, 407 U.S. at 532 (footnote omitted). Of

12

these, the most serious is the last, because the inability to adequately mount a defense skews the fairness of the entire system. If witnesses die or become unavailable due to a delay, the prejudice is obvious. *Id.* With this in mind, the Court of Special Appeals next considered whether Drummond's defense was impaired by delay. The Court of Special Appeals was unpersuaded that Drummond suffered actual prejudice holding:

> Appellant claims that he was prejudiced because 'some of his co-defendants' cases were resolved prior to his,' and those witnesses could now testify against him. Appellant is correct in one sense but, as the trial court aptly stated, appellant's argument "is one that is based on the vagaries of chance more than any sound legal principle.' The actual prejudice prong of the *Barker* test is focused on matters like the unavailability of witnesses because of the passage of time or the destruction of physical evidence. Appellant failed to establish any prejudice in this sense.

ECF No. 4-1 at 90.

Finally, in weighing the four *Barker* factors, the Court of Special Appeals determined:

> In summary, the duration of the delay was minimal (at least in the context of Barker and its numerous progeny); the State was responsible for only 54 days of that delay; appellant promptly asserted his speedy trial rights; but appellant was not able to demonstrate substantive prejudice to his ability to defend himself against the State's case. We conclude that, on balance, the *Barker* factors do not weigh in favor of a finding that Appellant's constitutional right to a speedy trial was violated.

ECF No. 4-1 at 91.

In light of the above, it is clear that the Court of Special Appeals identified controlling Supreme Court precedent and proceeded to conduct a *Barker* analysis that considered the totality of the circumstances and applied the four *Barker* factors. The Court of Special Appeals determined that there was no speedy trial violation.

The facts on which the Court of Special Appeals applied the *Barker* analysis are supported in the record, and are presumed correct on federal habeas review. Moreover, Drummond presents no facts to surmount his burden of rebutting the presumption of their correctness by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1). The state's decision was not contrary to Supreme Court precedent.

Having reviewed the record in light of the deferential standard of review applicable to

28 U.S.C. § 2254 proceedings, this Court concludes that the state court's decision did not involve an unreasonable application of federal law or an unreasonable determination of the facts. Accordingly, federal habeas relief will be denied as to this claim.

C. Ineffective Assistance of Counsel

When a petitioner alleges a claim of ineffective assistance of counsel, he must show that counsel's performance was deficient, and the deficiency prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Claims alleging ineffective assistance of appellate counsel are analyzed under the *Strickland* standard. *See Smith v. Robins*, 528 U.S. 259, 285 (2000).

With regard to the first prong of *Strickland*, the petitioner must demonstrate that his attorney's performance fell "below an objective standard of reasonableness." *Strickland*, 455 U.S. at 688; *see Harrington*, 562 U.S. 86, 104 (2011). The central question is whether "an attorney's representation amounted to incompetence under 'prevailing professional norms,' not whether it deviated from best practices or most common custom." *Harrington*, 562 U.S. at 88 (quoting *Strickland*, 466 U.S. at 690). The Supreme Court explains that the "first prong sets a high bar." *Buck v. Davis*, ___ U.S. ___, 137 S.Ct. 759, 775 (2017). Notably, a "lawyer has discharged his constitutional responsibility so long as his decisions fall within the wide range of professionally competent assistance." *Id.* (internal quotation and citation omitted). The standard for assessing such competence is "highly deferential" and there is a "strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 669.

Second, to satisfy the "prejudice prong," a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694; *see also Buck*, 137 S. Ct. at 776. "A reasonable probability is a probability sufficient to undermine confidence in the outcome" of the proceedings. *Strickland*, 466 U.S. at 687. A petitioner alleging ineffective assistance of counsel must show that the proceeding was rendered fundamentally unfair by counsel's affirmative omissions or errors. *Id.* Thus, "[a] fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* at 689. A petitioner is not entitled to post-conviction relief where the record establishes that it is "not reasonably likely that [the alleged error] would have made any

14

difference in light of all the other evidence of guilt." *Berghuis v. Thompkins*, 560 U.S. 370, 390 (2010).

In evaluating whether the petitioner has satisfied the two-pronged test set forth in *Strickland*, a court "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697. Nor must a court address both components if one is dispositive. *Jones v. Clarke*, 783 F.3d 987, 991 (4th Cir. 2015). This is because failure to satisfy either prong is fatal to a petitioner's claim. As a result, "there is no reason for a court . . . to address both components of the inquiry if the defendant makes an insufficient showing on one." *Strickland*, 466 U.S. at 697.

To the extent Drummond's third claim is a restatement of his claim raised before the state post-conviction court: that trial counsel erred in advising him that a three judge panel could potentially increase his sentence, and therefore this issue was properly exhausted, the claim is without merit.

The post-conviction court agreed with Drummond that "trial counsel did incorrectly advise [Drummond] that a three-judge panel could increase his sentence in this particular case, but this inaccurate statement was harmless" because the sentencing court bound itself to the 20 year sentence pursuant to the plea agreement and therefore it could not lawfully change his sentence. ECF No. 4-1 at 116. The Court agrees that Drummond could not establish that he was prejudiced by counsel's error regarding the revisory authority of the three judge panel. As such, the post-conviction court's findings withstands scrutiny and will not be disturbed.[4]

### IV. CERTIFICATE OF APPEALABILITY

Having found that the Petition for Writ of Habeas Corpus does not present a claim upon which federal habeas relief may be awarded, this Court must consider whether a certificate of appealability should issue. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see Buck v. Davis*, 137 S.Ct. 759, 773 (2017). The petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (citation and internal quotation marks

---

[4] To the extent Drummond seeks to assert a different claim e.g., that counsel misadvised him as to what his prison sentence could be, that claim has not been presented to any state court and is therefore unexhausted and procedurally defaulted and will not be considered here.

15

omitted), or that "the issues presented are adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Because this Court finds that there has been no substantial showing of the denial of a constitutional right, a certificate of appealability shall be denied. *See* 28 U.S.C. § 2253(c)(2). Drummond may still request that the United States Court of Appeals for the Fourth Circuit issue such a certificate. *See Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003) (considering whether to grant a certificate of appealability after the district court declined to issue one).

A separate Order follows.

**IT IS SO ORDERED.**

s/ Lydia Kay Griggsby
LYDIA KAY GRIGGSBY
United States District Judge